# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:09-cv-45-FDW

| | |
|---|---|
| ANNE MARIE CLUKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CITY OF CHARLOTTE, NC, ) | |
| ) | |
| Defendant. ) | |

THIS MATTER comes now before the Court *sua sponte* to address the parties' recently filed Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge (Doc. No. 12).

Under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(a), the parties may consent to the jurisdiction of a United States magistrate judge, who may then conduct any or all proceedings in a civil matter and order the entry of judgment in the case. However, the district court may, for good cause shown on its own motion, vacate a referral to a magistrate judge. See 28 U.S.C. § 636(c)(4); Fed. R. Civ. P. 73(b)(3); see also 12 Charles Alan Wright, Arthur Miller & Richard L Marcus, Federal Practice and Procedure § 3071.3 (West 2008) ("Even when the parties consent to the exercise of case-dispositive jurisdiction by a magistrate judge, however, the district judge retains 'residual authority,' under the statute and under Rule 73(b), to vacate the reference of the proceedings.").

In the case at bar, Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure (Doc. No. 4). The undersigned, believing that the legal sufficiency of Plaintiff's Complaint could not be adequately tested before the completion of discovery, denied the motion (Doc. No. 10). Following the Court's Order, but within fourteen days of joinder of the issues as defined in the Court's Initial Scheduling Order, the parties conducted their Rule 26(f) initial attorney's conference. Subsequent to that conference, the parties filed their Joint Stipulation.

The Court is of the opinion that the Joint Stipulation, filed only after the Court had ruled unfavorably upon Defendant's motion to dismiss, raises the unsavory specter of judge-shopping. See Ellis v. Crennell, No. C-05-02808, 2005 WL 3324282, at *1 n.1 (N.D. Cal. Dec. 8, 2005) ("To prevent judge-shopping, cases are generally not referred to a magistrate judge once a district court judge has issued a substantive order in an action."); cf. Hatcher v. Consolidated City of Indianapolis, 323 F.3d 513, 519 (7th Cir. 2003) ("[T]he general rule that one may not choose one's judge in federal court should not have an exception for magistrate judges. Once a party has submitted a justiciable dispute to a federal tribunal, it is up to the court to designate the judge. . . . [The parties'] decision to use the courts carried with it a certain loss of discretion over the identity of the judicial officer who would preside.").

Accordingly, the Court hereby executes its residual authority under 28 U.S.C. 683(c)(4) and Federal Rule of Civil Procedure 73(b)(3) to vacate the referral to magistrate judge jurisdiction.

IT IS SO ORDERED.                    Signed: March 24, 2009

Frank D. Whitney
United States District Judge