# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:09-cv-00045-W

| | |
|---|---|
| ANNE MARIE CLUKEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff's Motion for a New Trial (Doc. No. 65), which has been fully briefed by the parties (Docs. Nos. 66, 71, and 74). Additionally, the Court heard oral argument from the parties at a hearing on March 25, 2010, after which the Court took this matter under advisement. The Court has reviewed the record, the trial transcript, the parties' briefs and arguments, as well as the applicable case law, and, for the reasons that follow, GRANTS Plaintiff's motion.

### BACKGROUND

The background of this case is set forth in this Court's previous order ruling on Defendant's motion for summary judgment (Doc. No. 38) and need not be set forth any further herein. In sum, this case involves allegations by Plaintiff that Defendant, as her employer, discriminated against her by terminating her employment because of her failure to conform to gender stereotypes.

Trial of this matter began on January 26, 2010, and continued until January 28, 2010, when the jury returned a verdict in favor of Defendant. During trial, Plaintiff attempted numerous times to present evidence attacking Defendant's reason for terminating Plaintiff. Defendant objected, and initially, following a hearing where the parties presented argument on their respective positions, the

Court sustained the objection. In so doing, the Court noted that it would allow the evidence to be presented later in the trial during or following Defendant's case in chief. The Court also sustained subsequent, related objections during Plaintiff's presentation of her case. At one point in the trial, Plaintiff's counsel noted her continuing objection to the exclusion of all evidence questioning Defendant's stated motive for termination, and thus, ceased making a proffer or attempting to offer evidence on this issue. As such, the evidence presented during Plaintiff's case in chief was limited to evidence focused only on Defendant's treatment of Plaintiff as a non-conforming female during her employment.

Defendant did not offer any evidence, which resulted in the inability of Plaintiff to put on a rebuttal. Consequently, the Court's ruling had the affect of excluding all evidence concerning other employees' falsification of records and Defendant's employment decisions for those employees. Following the trial, the jury concluded that Plaintiff's failure to conform to gender stereotypes was not a motivating factor in Defendant's decision to terminate her employment. Plaintiff now requests a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 59 allows the Court to grant a new trial to any or all parties on any or all of the issues. Fed. R. Civ. P. 59(a); Great Coastal Express, Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., 511 F.2d 839, 845-46 (4th Cir. 1975). A new trial may be granted on the motion of a party, or sua sponte by the Court. Fed. R. Civ. P. 59(b), (d). Where the case was tried before a jury, a new trial shall be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States[,]" such as: "(1) intervening changes in the law; (2) new evidence not available at trial; and (3) to correct a clear error of law or prevent a miscarriage of justice." Fed. R. Civ. P. 59(a);

Douglas v. McCarty, 87 F.App'x 299, 302 (4th Cir. 2003) (citing EEOC v. Lockheed Martin Corp., Aero & Naval Sys., 116 F.3d 110, 112 (4th Cir. 1997)).

A new trial may also be based upon the sufficiency of the evidence if "'(1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict.'" Cline v. Wal-Mart Stores, Inc., 144 F.3d 294, 301 (4th Cir. 1998) (quoting Atlas Food Sys. & Servs., Inc. v. Crane Nat'l Vendors, Inc., 99 F.3d 587, 594 (4th Cir. 1996)). In reviewing a motion for a new trial pursuant to Rule 59(a), the court is permitted to weigh the evidence and consider the credibility of witnesses. Cline, 144 F.3d at 301 (citing Poynter v. Ratcliff, 874 F.2d 219, 223 (4th Cir.1989)). Finally, the granting or denial of a motion for a new trial under Rule 59(a) "is a matter resting in the sound discretion of the trial judge." Wadsworth v. Clindon, 846 F.2d 265, 266 (4th Cir. 1988) (citing Old Dominion Stevedoring Corp. v. Polskie Linie Oceaniczne, 386 F.2d 193 (4th Cir. 1967)).

## ANALYSIS

Here, Plaintiff articulates two reasons as to why this Court should grant a new trial. First, she contends that the jury's verdict is against the clear weight of the evidence. The Court summarily denies this argument. The jury verdict was simply not against the clear weight of the evidence. A jury could reasonably find, based on the evidence presented at trial and under the totality of circumstances, that Defendant did not discriminate against Plaintiff for her failure to conform to gender stereotypes.

As a second reason for granting a new trial, Plaintiff submits that the Court improperly limited or excluded ceratin trial evidence with respect to Defendant's articulated reason for Plaintiff's termination, which likely affected the jury's verdict and, therefore, resulted in a

miscarriage of justice. "The district court is fully empowered to reverse its evidentiary rulings post-trial and to reconsider that evidence's effect on the trial." Connor v. Schrader-Bridgeport Int'l, Inc., 227 F.3d 179, 194 (4th Cir. 2000) (citation omitted).

Here, the Court excluded evidence that called into question Defendant's reason for termination because, as the Court explained at trial, Plaintiff had admitted to falsifying inventory records. Plaintiff argues that she should have been permitted to show that falsifying inventory records, alone, was not a legitimate reason for termination in light of Defendant's practices regarding other employees who engaged in similar conduct yet were not terminated. Plaintiff contends, and the Court agrees, that the jury should have been permitted to consider circumstantial evidence as to the validity of Defendant's articulated reason for Plaintiff's termination, not in the sense of proving pretext–which is not the standard in a mixed motive case–but in the context of casting doubt on Defendant's stated reason for termination to show that other motivating factors–like gender–played a role in the employment decision. In Desert Palace, Inc. v. Costa, the Supreme Court recognized that even in a mixed motive case, evidence that a defendant's explanation for an employment practice is "unworthy of credence" is "one form of circumstantial evidence that is probative of intentional discrimination." 539 U.S. 90, 100 (2003) (quoting Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000)).

At the outset of the case, Plaintiff attempted to offer her own testimony describing how she was treated by her supervisor Karen King during the time leading up to Plaintiff's termination. Following Defendant's objection and after a lengthy break during the first day of trial where counsel made argument, submitted case law, and proffered evidence on this issue, the Court decided that the evidence might possibly come in after an appropriate foundation had been laid. That foundation, as the Court noted, would most likely be laid during Defendant's case in chief concerning its

affirmative defense. As such, the Court ordered Plaintiff to reorganize the presentation of her evidence, noting that the evidence was not necessarily precluded, but that it would be more appropriate during or following Defendant's case in chief. In subsequent rulings on evidence, the Court precluded testimony from Karen King, John Nadreau, and Jerry Biers that would have shown that other employees also falsified records, but were not punished as severely as Plaintiff.

The Court premised such rulings on the basis that such evidence was admissible only as to Defendant's affirmative defense and was not permissible to question the legitimacy of Defendant's stated motive for Plaintiff's termination because Plaintiff had admitted to falsifying inventory documents. Eventually, Plaintiff's counsel indicated that she understood the Court's ruling and would not attempt to offer (or proffer) evidence on this issue until Defendant's case in chief or Plaintiff's rebuttal case. During the hearing, Plaintiff's counsel also identified Bobby Sherrill and Steve McKillop as witnesses who would have been called, had their testimony not been excluded by the Court's earlier ruling. It is plausible that Plaintiff, according to the evidence presented at the summary judgment stage, could have also presented evidence showing that King disciplined Wayne Stroupe and David Root for conduct that involved falsification of documents but that the termination of these employees was also based on other significant performance deficiencies and not solely their falsification of records.

Defendant contends that the proffered evidence is inadmissible under Desert Palace because it involved decisions by different decisionmakers than those in Plaintiff's instance. Defendant's argument, however, misinterprets Hill v. Lockheed Martin, 354 F.3d 277 (4th Cir. 2004). The Fourth Circuit in Hill made clear that "Title VII . . . do[es] not limit the discrimination inquiry to the actions or statements of formal decisionmakers for the employer. Such a construction of those discrimination statutes would thwart the very purposes of the acts by allowing employers to insulate

themselves from liability simply by hiding behind the blind approvals, albeit non-biased, of formal decisionmakers." 354 F.3d at 290 (citing Reeves, 530 U.S. at 151-52). Accordingly, the fact that multiple decisionmakers might have existed for Plaintiff's department does not curtail the admissibility of the evidence proffered by Plaintiff. Furthermore, none of the evidence identified by Plaintiff and excluded by the Court involved a purported decisionmaker who was actually "a biased subordinate who has no supervisory or disciplinary authority and who does not make the final or formal employment decision." Hill, 354 F.3d at 291. To the extent any of the evidence did seek to impute the discriminatory motivations of subordinate employees having no decisionmaking authority, the Court agrees with Defendant that, under Hill, such evidence was properly excluded.

In making these rulings precluding the presentation of evidence until a later stage in the trial, the Court presumed that Defendant would present evidence on its affirmative defense. At the close of Plaintiff's case, however, Defendant declined to put on a case or offer any evidence, and as a result, the Court did not submit the affirmative defense to the jury. Consequently, the Court's rulings, in effect, excluded all circumstantial evidence that could have cast doubt on Defendant's stated reason for termination and thus, could have shown, in the eyes of a reasonable juror, that Plaintiff's gender was a motivating factor in her termination.

In retrospect, the Court's rulings were based on an inaccurate application of Desert Palace and other case law presented by the parties. Moreover, the Court believes that under Rule 404(b) of the Federal Rules of Evidence, such evidence would be appropriate to on the issue of Defendant's motivation when the decision was made to terminate Plaintiff's employment. After reviewing the trial transcript, the Court cannot conclude that its evidentiary errors did not permeate the trial, negatively affecting the presentation of Plaintiff's discrimination claim. Accordingly, the Court will order a new trial.

## Conclusion

IT IS THEREFORE ORDERED that Plaintiff's Motion for a New Trial (Doc. No. 65) is GRANTED. This matter shall be set for trial during the Court's mixed term beginning September 13, 2010. A pretrial conference will take place during the week of August 23-27, 2010. The parties shall resubmit their joint proposed pretrial order no later than August 16, 2010.

IT IS SO ORDERED.

Signed: May 6, 2010

Frank D. Whitney
United States District Judge